IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JORDON CHRISTOPHER BLACKSHEAR, | : : | |
| Plaintiff, | : : | |
| v. | : : : | CASE NO.: 7:20-CV-00031 (WLS-TQL) |
| LEANNE SMITH, *et. al.* | : : | |
| Defendant. | : : : | |

## ORDER

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed on November 17, 2021. (Doc. 39.) Therein, Judge Langstaff recommends that Defendant Leeanna Smith's Motion for Summary Judgment (Doc. 35) should be granted. For the reasons that follow, Judge Langstaff's Recommendation (Doc. 39) is **ACCEPTED** and **ADOPTED**.

Judge Langstaff's Recommendation and 28 U.S.C. § 636 provided the parties with fourteen days to file an objection. (*Id.* at 10.) A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting the Fourth Circuit and stating, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"). No objections were timely filed. Thus, the Court examines Judge Langstaff's recommendation for any clear error. *Id.*

Plaintiff's Complaint (Doc. 1) stems from an incident that occurred during his confinement at Valdosta State Prison in which he was assaulted by a cellmate and suffered numerous injuries. Plaintiff alleges that the Defendants, members of the staff of the prison

facility, violated his Eighth Amendment rights; Plaintiff asserts that Defendant Leanne Smith failed to protect him from harm by placing him in a cell with his attacker despite the knowledge that the attacker would assault Plaintiff and that Defendants Scott Crickmar, Shawn Emmons, and Russell Zirkle failed to investigate, report, and prosecute the assault in an attempt to conceal its occurrence. (Doc. 1 at 4-5.) On January 29, 2021, the Court issued an Order allowing Plaintiff's claim for failure-to-protect against Defendant Leanne Smith to proceed and dismissing his other claims without prejudice. (Doc. 30.) Defendant Smith filed the instant motion for summary judgment on May 24, 2021. (Doc. 35.) Upon review of Plaintiff's claims, the Court finds no clear error in Judge Langstaff's analysis granting Defendant Smith's motion.

In his recommendation, Judge Langstaff explained that Defendant Smith should be granted summary judgment on the grounds that no genuine question of material fact existed as to Plaintiff's claim for failure-to-protect. (Doc. 39.) Moreover, Judge Langstaff found that Defendant Smith is entitled to qualified immunity based on the fact that Plaintiff did not suffer any violation of his constitutional rights. (*Id.*) In support of these findings, Judge Langstaff determined that Plaintiff did not provide a sufficient showing that Defendant Smith did not draw the requisite inference necessary for success on a claim under the Eighth Amendment. (*Id.* at 7-9.) The Court agrees.

To bring a successful Eighth Amendment claim, a plaintiff must provide sufficient evidence to establish (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference; and (3) causation. *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1919 (11th Cir. 2005) (citations omitted). Plaintiff was required to make a sufficient showing that he was at a particularized risk of harm demonstrated through evidence of specific threats or dangers. *Estate of Owens v. GEO Group, Inc.*, 660 F. App'x 763, 769 (11th Cir. 2016) (per curiam). In light of the evidence on the record and provided by Defendant Smith, Judge Langstaff determined that Plaintiff did not present a sufficient showing and that Defendant Smith did not draw the necessary inferences regarding subjective knowledge of any risk to Plaintiff at the time of the incident at issue. (Doc. 39 at 8-9.) Accordingly, absent sufficient evidence of Defendant Smith's deliberate indifference, Plaintiff's claims fail and there is no question of material fact.

3

Upon full review and consideration upon the record, the Court finds no clear error, and that Judge Langstaff's November 17, 2021 Recommendation (Doc. 39) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's claim against Defendant Smith is **DISMISSED**.

**SO ORDERED,** this 16th day of December 2021.

                                                      /s/ W. Louis Sands
                                                      **W. LOUIS SANDS, SR. JUDGE**
                                                      **UNITED STATES DISTRICT COURT**